IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| Andrew Stephens,<br><br>    Plaintiff,<br>v.<br><br>Frederick J. Hanna & Associates, P.C.; and<br>DOES 1-10, inclusive,<br><br>    Defendants. | Civil Action No.: _____<br><br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Andrew Stephens, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Andrew Stephens ("Plaintiff"), is an adult individual residing in Jesup, Georgia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Frederick J. Hanna & Associates, P.C. ("Frederick"), is a Georgia business entity with an address of 56 Marietta Street North West, Atlanta, Georgia 30303, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Frederick and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Frederick at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $3,700.00 (the "Debt") to Orchard Bank (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Frederick for collection, or Frederick was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Frederick Engages in Harassment and Abusive Tactics

12. Within the last year, Defendants attempted to garnish Plaintiff's wages in an attempt to collect the Debt.

13. When Defendants attempted to garnish Plaintiff's wages, Plaintiff discovered that Defendants previously obtained a judgment against Plaintiff in an attempt to collect the Debt.

14. Moreover, Defendants sued Plaintiff and obtained the judgment against Plaintiff in Gwinnett County even though Plaintiff had never resided in Gwinnett County.

15. Additionally, Defendants had knowledge of where Plaintiff resided as they had sent him written correspondence unrelated to the judgment to his Wayne county address.

16. The FDCPA's one-year statute of limitations, which might otherwise apply to bar Plaintiff's claims should be tolled by Defendants' knowing and active concealment of the fact that Plaintiff had not known until September 2012 that he had been sued in another county than where he has ever resided. Plaintiff could not have discovered, even upon reasonable exercise of diligence, of this issue beforehand.

C. **Plaintiff Suffered Actual Damages**

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

19. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

22. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading means in connection with the collection of a debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

25. The Defendants' conduct violated 15 U.S.C. § 1692i(a)(2) in that Defendants instituted a legal action in a location other than where the contract was signed or where the Plaintiff resides.

26. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## INTENTIONAL (OR RECKLESS) INFLICTION OF EMOTIONAL DISTRESS

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

29. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

30. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Georgia.

31. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

32. Defendants could reasonably foresee its conduct would cause mental anguish and severe emotional distress to Plaintiff.

33. Plaintiff did indeed suffer mental anguish and severe emotional distress including post-traumatic stress, paranoia, and depression.

34. Defendant's conduct resulted in reckless infliction of emotional distress under the laws of the State of Georgia.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;
4. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and
5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 16, 2013.

                Respectfully submitted,

                By: /s/ Cara Hergenroether
                Georgia Bar No. 570753
                Attorney for Plaintiff Andrew Stephens
                LEMBERG & ASSOCIATES L.L.C.
                1400 Veterans Memorial Highway, Suite 134, #150
                Mableton, GA 30126
                Telephone: (855) 301-2100 ext. 5516
                Email: chergenroether@lemberglaw.com

                Counsel To:

                LEMBERG & ASSOCIATES L.L.C.
                1100 Summer Street, 3rd Floor
                Stamford, CT 06905
                Telephone: (203) 653-2250
                Facsimile:  (203) 653-3424